RODRIGO MORALES ROSARIO, Petitioner and Appellant, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 8808.  Argued December 10, 1943.—Decided February 9, 1944.

*Rodrigo Morales Rosario, pro se.  R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The appellant, who is serving a sentence of fifteen years for burglary in the first degree, subsequent offense, filed a petition for a writ of *habeas corpus* in the district court, alleging that the said sentence was null and void because he had not been represented by counsel at his trial.  This is an appeal from the judgment of the district court discharging the writ.

The contention of the appellant is that counsel who was appointed by the district court to defend him did not have sufficient time to prepare for trial.  The record shows

that the clerk of the district court notified the defendant that on June 10, 1937 the district court had appointed Román Díaz Collazo to defend the appellant; that on June 15, the Clerk sent the appellant another letter notifying the defendant that César Andréu Ribas had been designated by the district court as his attorney in substitution of Díaz Collazo; and that Andréu Ribas actually conducted the defense at the trial on June 21, 1937.

The only possible basis for the contention of the defendant that his counsel had not been given sufficient opportunity to prepare for trial was a statement of the lower court in connection with a preliminary question of law raised by counsel for defendant. The district court made the following comment:

"The court believes that the question is raised too late. That is not the fault of the attorney who has been appointed at this time. The court denies the motion."

Shortly thereafter, Andréu Ribas also stated the following:

"In order that it should clearly appear, I wish to make it known that this accused is defended by this attorney, who took charge of the matter a short time before the trial began, by designation of the court, and in the performance of the duty imposed on him in such cases."

Neither of these statements is necessarily in contradiction of the record, which demonstrates that Andréu was actually designated six days before trial. And, in any event, the record, as shown by the letter from the Clerk, must prevail over these casual, informal statements made in the course of a colloquy between court and counsel. Moreover, it is important to note that at no point in the trial did counsel for the appellant assert that he was not prepared to proceed with the case.

Likewise, the record does not sustain the contention of the appellant that he was forced to trial without being given

a reasonable opportunity to summon witnesses. The record shows that counsel for the appellant conducted a vigorous defense of the accused, evincing detailed familiarity with the facts of the case. Three witnesses were actually produced and testified in favor of the accused. And at no time during the trial did the appellant ask either that other witnesses be summoned or that the case be postponed to enable him to produce other witnesses.

We are satisfied that the facts of the instant case bring it within the doctrine laid down in *Avery* v. *Alabama*, 308 U. S. 444, and *López* v. *Saldaña*, 60 D.P.R. 304. Accordingly, we hold that under the circumstances outlined herein the appellant was not deprived of his constitutional right to the assistance of counsel.

■ The appellant makes an additional point which is also untenable. He asserts that the judgment of conviction for a subsequent offense is void on the ground that his first conviction was for petit larceny, a misdemeanor. His position is grounded on the theory that §56 of the Penal Code applies to his case. But §57 specifically provides that "Every person who, having been convicted of petit larceny . . . . commits any crime after such conviction, is punishable as follows: . . . . If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for the longest term prescribed, upon a conviction for such first offense." Since §410 provides that "Burglary of the first degree is punishable by imprisonment in the penitentiary for not less than one or more than fifteen years", the judgment sentencing the appellant to fifteen years was proper.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.